UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BARBARA REESE, *pro se*, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    6:19-cv-00160-LSC<br>) |
| FEDERAL HOME LOAN<br>MORTGAGE CORPORATION, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

Plaintiff Barbara Reese ("Plaintiff" or "Reese") filed a Notice of Appeal of Order to Vacate Emergency Injunction to Stop Eviction and Complaint for Wrongful Ejectment and Wrongful Foreclosure (doc. 1-3 at 8) on January 4, 2019 in the Circuit Court in Walker Count, Alabama.[1] On January 28, 2019, Defendant Federal Home Loan and Mortgage Corporation ("Freddie Mac") filed a Motion to Dismiss in state court (doc. 1-3 at 19) contesting the sufficiency Reese's complaint and service under the Alabama Rules of Civil Procedure. Defendants removed the case from the Circuit Court of Walker County, Alabama on January 29, 2019. (Doc.

---

[1] The Court held a hearing on Reese's Motion for Relief Notice of Appeal of Order to Vacate Emergency Injunction to Stop Eviction and Complaint for Wrongful Ejectment and Wrongful Foreclosure. For the reasons stated on the record at the hearing, Reese's request for preliminary relief and injunction was denied. (*See* Doc. 17.)

1.) Freddie Mac then renewed its Motion to Dismiss based on the Federal Rules of Civil Procedure. (Doc. 11.) Reese has filed a timely response to that motion styled as a Motion to Deny Defendants Motion to Dismiss.[2] (Doc. 12.) The motion is fully briefed and ripe for review. For the reasons stated below, Freddie Mac's initial Motion to Dismiss (doc. 1-3 at 19) is due to be terminated as moot, and Freddie Mac's Motion to Dismiss (doc. 11) is due to be granted. Reese's Motion to Deny Defendants Motion to Dismiss (doc. 12) is due to be denied.

I. BACKGROUND[3]

In 2007, Reese executed a mortgage in favor of Gateway Mortgage Group LLC, for the purchase of 641 Hayfield Loop, Dora, Alabama (the "Property"). Reese's mortgage was then assigned to JP Morgan before it was assigned to Defendant Bayview Loan Servicing, LLC ("Bayview") in January 2017. Prior to the reassignment, Reese had repeatedly asked for mortgage refinancing assistance.

---

[2] Reese filed an additional brief outside of those permitted by this Court's briefing Order. (*See* Docs. 10 & 14.) Freddie Mac subsequently moved to strike Reese's reply brief. (Doc. 15.) The Court has reviewed the sur reply brief and finds that it would not change the result. Accordingly, Freddie Mac's motion to strike (doc. 15) is DENIED. Reese is cautioned that the Court will not consider future briefs that are filed out of turn.

[3] In evaluating a motion to dismiss, the Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The following facts are, therefore, taken from Plaintiff's allegations contained in the Complaint, and the Court makes no ruling on their veracity.

Prior to foreclosure, Reese sent Bayview all the required documents to complete a loan modification. Bayview did not acknowledge receipt of such documents. Instead, Bayview foreclosed on the Property.

Reese's allegations as to Freddie Mac's role in this process are unclear from the face of the complaint. The only allegations made specifically about Freddie Mac are that they promote homeownership by supporting the reliable supply of affordable mortgages, purchase mortgages and sell mortgage-backed securities, and are a public government-sponsored enterprise with a business address in Virginia.

## II. STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a

right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. DISCUSSION

#### a. WRONGFUL FORECLOSURE

A wrongful foreclosure action is brought by the mortgagor against the mortgagee. *See e.g., Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 171 (Ala. 2012); *Paint Rock Properties v. Shewmake*, 393 So.2d 982, 984 (Ala. 1981). "A mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor." *Reeves Cedarhurst Dev. Corp. v. First Am. Fed. Sav. & Loan Assoc.*, 607 So.2d 180, 182 (Ala. 1992). "Any improper use of the power for such purposes as oppressing the debtor, or serving the purposes of other individuals, will be considered by the court as a fraud in the exercise of the power." *Johnson v. Shirley*, 539 So.2d 165, 168 (Ala. 1988).

Reese has not alleged that Freddie Mac was the mortgagee for her loan, that Freddie Mac was a party to her mortgage with Bayview, or that Freddie Mac was even associated with her mortgage. Reese's complaint alleges that Bayview, not Freddie Mac, was the mortgagee of her mortgage. Accordingly, Reese has failed to state a claim against Freddie Mac for Wrongful Foreclosure.

   **b. RESPA**

Reese also brings claims against Freddie Mac for violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"). Reese specifically alleges violations of RESPA's so-called Dual Tracking regulation, 12 C.F.R. §

1024.41(g). RESPA is a consumer protection statute that establishes certain actions that must be followed by entities or persons responsible for servicing federally related mortgage loans. *See e.g.,* 12 U.S.C. § 2605. RESPA's Dual Tracking regulation provides that "[i]f a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not. . .conduct a foreclosure sale" unless certain preconditions have been satisfied. 12 C.F.R. § 1024.41(g).

Reese has failed to allege facts that plausibly indicate that Freddie Mac could be liable under RESPA for the actions alleged. Reese does not allege any facts indicating that Freddie Mac is a servicer of her mortgage within the meaning of RESPA or that it was at all involved with her mortgage. Accordingly, Reese has failed to state a claim against Freddie Mac for violations of RESPA. [4]

---

[4] Freddie Mac has also moved for dismissal on the grounds that it was improperly served under both the Alabama and Federal Rules of Civil Procedure. A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h); *see also* Ala. R. Civ. P 4(c)(6). Service on a party's attorney may be permissible if the attorney has been appointed as an agent for service or the attorney has been authorized by law to receive service of process. Reese served Freddie Mac by delivering a copy of the summons and complaint to Carl Emmons ("Emmons"), a lawyer at the law firm Sirote & Permutt, P.C.. Freddie Mac asserts that Emmons is not authorized to receive service on their behalf and that he is not an officer, employee, or agent of Freddie Mac. Freddie Mac also asserts that Emmons has

## IV. CONCLUSION

For the reasons stated above, Freddie Mac's initial Motion to Dismiss (doc. 1-3 at 19) is due to be terminated as moot, and Freddie Mac's Motion to Dismiss (doc. 11) is due to be granted. Reese's Motion to Deny Defendants' Motion to Dismiss (doc. 12) is due to be denied. Since no other claims remain pending against Freddie Mac, Freddie Mac is due to be dismissed from this action. Reese's claims against Bayview remain pending. An Order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on April 30, 2019.

_L. Scott Coogler_
United States District Judge

195126

---

not been authorized to accept service on its behalf. Reese does not offer any rebuttal that service was improper.